**Leopold O.V. ENWONWU Plaintiff**

v.

**TRANS UNION, LLC, d/b/a Trans Union Consumer Relations Defendant**

**No. CIV.A.1:03–CV–282–OD.**

United States District Court, N.D. Georgia, Atlanta Division.

March 18, 2005.

---

Leopold O. V. Enwonwu, Atlanta, GA, pro se.

Bruce S. Luckman, PHV, Timothy P. Creech, PHV, Satzberg Trichon Kogan & Wertheimer, Philadelphia, PA, Charles Mi-

nor McDaniel, Jr., Post & McDaniel, John J. Friedline, Kilpatrick Stockton, Douglas G. Smith, Jr., Mozley Finlayson & Loggins, Atlanta, GA, Karl John Howe, Jr., Karl J. Howe and Associates, Alpharetta, GA, for Defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This *pro se* civil matter alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, is presently before the Court on Defendant's Motion for Summary Judgment, or in the alternative, Motion for Sanctions [# 60]; and Plaintiff's Cross–Motion for Summary Judgment [# 61]. Defendant's motion is GRANTED, and Plaintiff's motion is DENIED.

## I. *Facts*

The following facts are undisputed unless otherwise indicated. In October 1996, Winding River Village Condominium Association, Inc. ("Winding River") brought suit in the State Court of Fulton County for unpaid condominium association fees in the amount of $6,639.47 plus interest allegedly owed by Plaintiff. On January 30, 1997, the action was dismissed for lack of subject-matter jurisdiction.[1]

Following dismissal from the State Court of Fulton County, on February 20, 1997, Winding River filed substantially the same action in the Superior Court of Ful-

ton County seeking association fees from Plaintiff. Following foreclosure of Plaintiff's condominium unit and rejection of Plaintiff's effort to set aside the foreclosure, the Superior Court of Fulton County, on February 27, 1998, entered an in personam judgment of $19,555.30 against Plaintiff in favor of Winding River.[2] The judgment is comprised of association fees, interest, and attorney's fees.

Apparently, Trans Union never amended Plaintiff's credit file to add the $19,555.30 Superior Court judgment as adverse information. However, it continued to list the $6,639.47 State Court judgment which had been dismissed and superceded by the larger Superior Court judgment. In addition to the civil judgment, Plaintiff's credit report contained other derogatory items of information which were undisputably accurate, including the foreclosure of Plaintiff's condominium (the amount of AmSouth Bank's Security Deed was $55,000); a charged-off account with Anderson Financial Network (collecting for Cingular) with an unpaid balance of $198; and a Macy's store charge card in the sum of $550.00.

In April 2001, June 2002 and October 2002, Plaintiff sought to purchase real property in three unrelated transactions. Plaintiff alleges that as a result of the aforementioned erroneous information contained in his Trans Union consumer credit report, two of these transactions failed to close due to Plaintiff's inability to obtain

---

**1.** Citing the Georgia Condominium Act, the State Court of Fulton County found that judgment and execution of a lien for condominium assessments must be entered in the appropriate Superior Court.

**2.** Although Plaintiff contends judgment was not entered against him personally in the matter, the evidence before the Court, including a copy of the court judgment, indicates other-

wise. Also, under O.C.G.A. § 44–3–109, "[a]ll sums lawfully assessed by the association against any unit owner or condominium unit ... shall, from the time the same become due and payable, be the *personal obligation* of the unit owner and constitute a lien in favor of the association on the condominium unit." (Emphasis added).

satisfactory financing, and the other, although consummated, required him to accept an interest rate above that which would have otherwise been required. Following his failure to secure financing in October 2002, Plaintiff requested a copy of his consumer credit report from Defendant Trans Union. Trans Union sent Plaintiff a copy of his December 17, 2002 credit report. After reviewing the report, Plaintiff notified Trans Union that its listing of the 1996 civil judgment was inaccurate.

Trans Union contacted the public records vendor that provided the disputed information to Trans Union for reinvestigation of the validity of the entry. By written notification dated January 10, 2003, Trans Union stated that the existence of the unsatisfied civil judgment against him had been verified and would remain in his credit file. Nonetheless, Trans Union deleted the entry from Plaintiff's credit file on February 7, 2003.

Plaintiff filed the instant suit on January 31, 2003 against Trans Union, Equifax, Winding River, Alan Armstrong, Joyce Weems, and Richard Howe[3] alleging violations of various provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and O.C.G.A. § 51–5–1 which proscribes libel. On November 19, 2003, this Court dismissed all claims except for Plaintiff's 15 U.S.C. § 1681e(b) claim against Trans Union.

Defendant filed the instant Motion for Summary Judgment, or in the alternative, Motion for Sanctions on August 2, 2004. Plaintiff's Response and Cross–Motion for Summary Judgment was filed on August 23, 2004.

On February 28, 2005, this Court held a hearing in chambers to discuss several factual issues surrounding Plaintiff's financial history. *See* Order, February 10, 2005 [Doc. No. 69]. The Court also accepted supplemental briefs from the parties regarding these issues.

## II. *Summary Judgment Standard*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on the motions, the Court must view the evidence in light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). To prevail in a motion for summary judgment, the moving party must show that the evidence is insufficient to establish an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant makes a sufficient showing, then the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the evidence supporting plaintiff's claims is insufficient for a jury to return a verdict for plaintiff, or is "merely colorable" or "not significantly probative," then defendant is entitled to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If, however, reasonable minds could differ as to the import of the evidence, and a reasonable interpreta-

---

**3.** In August 2000, Winding River, by and through its officers, Alan Armstrong and Joyce Weems, hired Richard Howe's law firm to collect its judgment against Plaintiff.

tion of the evidence could lead to a verdict for plaintiff, then summary judgment is inappropriate. *Id.* at 251–52, 106 S.Ct. 2505.

## III. *Plaintiff's Motion for Summary Judgment*

■ After the November 19, 2003 Order, the sole surviving claim in this action is that Trans Union, a "consumer reporting agency" as defined by the FCRA, allegedly violated 15 U.S.C. § 1681e(b), which provides:

> (b) Accuracy of report
>
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Plaintiff has offered (1) a copy of his Trans Union credit report which lists a civil judgment of $6,639 entered in October 1996, docket # 96VS119262; (2) proof that this civil action was dismissed, thereby making the report inaccurate; and (3) a certified true copy of the civil docket confirming that the case against him in the State Court of Fulton County was dismissed on January 30, 1997 for lack of subject matter jurisdiction. Plaintiff argues that because this third document eliminates the possibility that Defendant relied on a mistake in the public record, summary judgment is proper. The Court disagrees. Because "[t]he Fair Credit Reporting Act does not make credit reporting agencies strictly liable for all inaccuracies," *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir.1991), Plaintiff's Motion for Summary Judgment is DENIED. Furthermore, to the extent the November 19, 2003 Order suggested that Plaintiff had produced sufficient evidence to make out a prima facie § 1681e(b) claim against Trans Union, that portion of the Order is hereby VACATED.

## IV. *Defendant's Motion for Summary Judgment*

■ Defendant argues that summary judgment is proper because Plaintiff has failed to show causation and harm. Indeed, a case of negligent noncompliance with § 1681e(b) consists of four elements: (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry. *Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir.1996); *Cahlin*, 936 F.2d at 1160–1161 (because plaintiff "utterly failed to produce any evidence tending to show that he was damaged as a result of an allegedly inaccurate credit report," the court did not reach the substance of plaintiff's FCRA claims). Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this case, Plaintiff has the affirmative duty of coming forward with evidence supporting his claim that Trans Union's inaccurate report caused him harm. *Cahlin*, 936 F.2d at 1161.

■ As with most tort actions, a FCRA plaintiff must produce sufficient ev-

idence from which a reasonable trier of fact could infer that the inaccurate entry was a "substantial factor" that brought about the denial of credit. Restatement (Second) of Torts § 431(a). While a plaintiff must prove that the inaccurate entry was a "substantial factor in bringing about" the denial of credit, he need not eliminate the possibility that correct adverse entries or any other factors also entered into the decision to deny credit. *See Cahlin,* 936 F.2d at 1161 (plaintiff "bears the burden of proving that [defendant's] credit report was a causal factor in the denial of" credit) (emphasis added). Forcing a plaintiff affirmatively to rule out other explanations for the credit denial ignores the fact that decisions to deny credit will frequently have more than one cause. For example, in some instances the inaccurate entry and another factor may each, considered separately, be insufficient to have caused the denial of credit but when taken together are sufficient. Each may then be considered a substantial factor in bringing about the denial of credit and therefore a cause of plaintiff's injury. Keeton et al., Prosser and Keeton on Torts § 41, at 266–68 (5th ed.1984). However, the Court emphasizes that the burden of proving causation remains with the Plaintiff at all times and never shifts to the Defendant.

■ Plaintiff has offered the following facts, which are supported by the record:

**Event 1:** Banc Financial, having obtained Plaintiff's Trans Union consumer report on April 9, 2001, financed Plaintiff's purchase of his home at 1950 Branch Valley Drive, Roswell, Georgia 30076 on April 25, 2001 at an interest rate of 9.875% over a thirty-year term.

**Event 2:** American Summit Lending, having obtained Plaintiff's Trans Union consumer report on June 13, 2002, offered to finance the purchase of property at 710 Grimes Bridge Road, Roswell, Georgia 30075 at 11.667%. Plaintiff declined the loan because of the interest rate.

**Event 3:** On December 12, 2002, First United Home Mortgage obtained Plaintiff's Trans Union consumer report for the purpose of finding Plaintiff a lender to finance the purchase of three rental properties at 1610 Line St., Decatur, GA 30032, 1619 Line Circle, Decatur, GA 30032, and 1621 Line Circle, Decatur, GA 30032. Plaintiff claims no lenders would consider financing the proposal.

Based on these facts, it is this Court's opinion that the record does not support the inference that the inaccurate information on Plaintiff's Trans Union credit report was a substantial cause of Plaintiff's alleged injuries. Aside from Plaintiff's bare allegations that the inaccuracy in the Trans Union credit report caused him to accept higher interest rates or the denial of credit altogether, Plaintiff has presented only a modicum of evidence that supports this element of his prima facie case. Although there is evidence that the credit granting agencies requested Plaintiff's Trans Union credit report, Plaintiff has presented neither direct nor circumstantial evidence indicating that the credit granting agencies actually utilized the inaccurate Trans Union report. Even assuming that the inaccurate report was used, the Eleventh Circuit has held that evidence of utilization by the credit granting agency, without more, cannot support the inference of causation.[4] Plaintiff having produced evidence that credit granting agencies

---

**4.** In *Cahlin,* the plaintiff provided a letter

prepared from the credit granting agency re-

merely obtained his Trans Union credit report, this Court has no difficulty concluding that Plaintiff has failed to satisfy the causation element of his prima facie case.

Moreover, given other adverse information on Plaintiff's Trans Union credit report, the inaccurate entry cannot be considered a "substantial factor" in bringing about Plaintiff's injury. It is undisputed that at the time Plaintiff claims he was denied credit based on Trans Union's inaccurate report, he had a mortgage foreclosed. The amount of AmSouth's Security Deed was $55,000. In light of this indisputably accurate adverse information on Plaintiff's credit report, the inaccurate entry—a civil judgment in the amount of $6,639—appears immaterial. Furthermore, with respect to Events 2 and 3, it is undisputed that American Summit Lending and First United Home Mortgage also requested Plaintiff's Equifax credit report on June 13, 2002 and December 12, 2002, respectively, and that the Equifax credit report included a Chapter 7 bankruptcy and a garnishment in the amount of $24,026.30.[5] Therefore, the Court concludes that no reasonable trier of fact could infer that the inaccurate entry on Plaintiff's Trans Union credit report was a substantial factor in bringing about Plaintiff's alleged injuries.

Finally, had Trans Union accurately listed the civil judgment entered against Plaintiff, Plaintiff's credit report would have shown a judgment in the amount of $19,555.30 instead of a mere $6,639.00. An accurate credit report, therefore, would have contained even more damaging adverse information than that which Plaintiff complains. Therefore, it would be unreasonable to infer that the inaccuracy in Plaintiff's Trans Union credit report caused him any actual damage.

Finding that Plaintiff failed to produce any evidence tending to show that he was damaged as a result of the inaccurate Trans Union credit report, Defendant's Motion for Summary Judgment is GRANTED.

Having granted Defendant's Motion for Summary Judgment, Trans Union's request for sanctions for Plaintiff's alleged failure to cooperate in discovery and request for additional discovery is DENIED.

## V. Conclusion

Defendant's Motion for Summary Judgment, or in the alternative, Motion for Sanctions [# 60] is GRANTED. Plaintiff's Cross–Motion for Summary Judgment [# 61] is DENIED. The Clerk is DIRECTED to enter judgment for Defendant.

---

questing an explanation of the "paid charge off" notation on the credit report. The Eleventh Circuit found that although the letter provided circumstantial evidence indicating that the credit report was utilized in plaintiff's pending mortgage application, "it [did] not support the further inference that allegedly inaccurate information on that report was the cause of [plaintiff]'s denial of credit." *Cahlin,* 936 F.2d at 1161.

**5.** Having dismissed all of Plaintiff's claims against Equifax, the Court does not discuss the accuracy of these entries.