[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2006
THOMAS K. KAHN
CLERK

No. 05-11668
Non-Argument Calendar

_____

D. C. Docket No. 03-61563-CV-KAM

PAUL A. JACKSON,
d.b.a. Tropical Yacht Builders,

Plaintiff-Appellant,

versus

EQUIFAX INFORMATION SERVICES, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 14, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Paul A. Jackson, proceeding *pro se*, appeals the district court's

grant of summary judgment in his suit alleging violations of the Fair Credit

Reporting Act (FCRA), 15 U.S.C. §§ 1681n and 1681o.[1] Jackson asserts that the

district court erred in relying solely on an affidavit provided by one of Equifax's

employees in rendering its decision because the affidavit was ambiguous,

irrelevant, and contradicted the responses Equifax gave to the interrogatories

Jackson posed to it during discovery. In an effort to show the contradiction,

Jackson reproduced the interrogatories he posed to Equifax and Equifax's

responses. He contends that he showed three things in support of his claim: 1)

fraud; 2) Equifax's responses to his interrogatories indicating it had no documents

reflecting the accuracy of the information it reported; and 3) a credit report

prepared for Impac Lending Group, which reflected inaccurate information

reported by Equifax. He maintains that this information, as well as two credit

denial letters from Impac Lending and Household Bank, established his claim.

Jackson attached to his brief several documents that were included in the record

and submitted a June 2002 letter from Household Credit Services, Inc., which

indicated that it denied him credit because of information provided by Equifax.

Jackson, however, did not submit this letter, or a credit denial letter from Impac

Lending, to the district court.

---

[1]Sections 1681n and 1681o of Title 15 provide remedies for violation of substantive sections of the FCRA. It apepars that Jackson is suing based on violations of 15 U.S.C. §§ 1681e and 1681i.

As an initial matter, to the extent Jackson attempts to rely on credit denial letters from Impac Lending and Household Bank to establish that summary judgment was inappropriate, these letters were not included in the record. As a result, we cannot consider these letters in reviewing the district court's grant of summary judgment. *See Munoz v. Int'l Alliance of Theatrical Stage Employees*, 563 F.2d 205, 209 (5th Cir. 1977) ("[m]aterials not presented to the district court for consideration of a motion for summary judgment are never properly before the reviewing court on appeal from the judgment granting the motion").[2]

We review the grant or denial of a motion for summary judgment *de novo.* *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). In order to defeat summary judgment, however, the non-moving party "must do

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. The non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof. *Celotex*, 477 U.S. at 322. A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Section 1681i(a) of Title 15 provides that if a consumer disputes the accuracy of information contained in a consumer file at a consumer reporting agency, "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days from the date the agency received notice of the dispute. 15 U.S.C. § 1681i(a)(1)(A). After reinvestigation, if the agency determines that the disputed information is inaccurate, incomplete, or cannot be verified, the agency must delete or modify the information and notify the furnisher of the information that it was removed. 15 U.S.C. §1681i(a)(5)(A). If information is removed from a consumer's credit file, it can be reinserted only if the furnisher of the information certifies that the information is complete and accurate, and the agency must notify the consumer of the reinsertion. 15 U.S.C. § 1681i(a)(5)(B). An agency must maintain reasonable procedures to prevent the reappearance of deleted information

4

in a consumer's file. 15 U.S.C. § 1681i(a)(5)(c).

Section 1681e(b) of Title 15 provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure the maximum possible accuracy of the information about the individual about whom the report relates." 15 U.S.C. § 1681e(b). To establish a *prima facie* violation of § 1681e(b), a consumer must present evidence that a credit reporting agency's report was inaccurate. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151,1156 (11th Cir. 1991). The FCRA, however, "does not make reporting agencies strictly liable for all inaccuracies." *Id.* An agency can escape liability if it establishes that an inaccurate report was generated following reasonable procedures, which is generally a jury question. *Id.* A consumer asserting claims under §§ 1681i(a) or 1681e(b) against a credit reporting agency bears the burden of proving that the agency's credit report was a causal factor in the denial of his credit application. *Id.* at 1156, 1161.

After reviewing the record, we conclude that the district court did not err in granting Equifax's motion for summary judgment because Jackson failed to produce any evidence indicating that he was damaged as a result of an allegedly inaccurate Equifax report. The only evidence Jackson submitted to the district court were copies of his Equifax report, a copy of a merge credit report, a copy of

5

the interrogatories he posed to Equifax, and its responses.  Although Jackson alleged that he was denied credit, the evidence he offered did not support an inference that allegedly inaccurate information contained in his Equifax report caused the denial of credit.  Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**