Michael TAYLOR, on behalf of himself and others similarly situated, Plaintiff,

v.

SCREENING REPORTS, INC., Defendant.

Civil Action No. 1:11–CV–3426–AT–GGB.

United States District Court, N.D. Georgia, Atlanta Division.

Signed Feb. 27, 2014.

David A. Searles, Geoffrey H. Baskerville, John Soumilas, James A. Francis, Francis & Mailman, P.C. Philadelphia, PA,

James Marvin Feagle, Skaar & Feagle, LLP, Decatur, GA, Justin Tharpe Holcombe, Skaar & Feagle, LLP, Kris Kelly Skaar, Skaar & Feagle, LLP, Marietta, GA, for Plaintiff.

Joseph S. Messer, Nicole M. Strickler, Messer & Stilp, Ltd., Chicago, IL, Andrew M. Schwartz, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, John H. Bedard, Jr., Michael K. Chapman, Bedard Law Group, P.C., Duluth, GA, for Defendant.

## ORDER

AMY TOTENBERG, District Judge.

This case, pending before the Magistrate Judge, is before the Court on Defendant Screening Reports, Inc. ("SRI") Motion for Leave to File Supplemental Response in Opposition to Plaintiff's Renewed Motion for Class Certification [Doc. 133]. Normally, such non-dispositive motions can be handled by the Magistrate Judge without submission to the District Judge. *See* 28 U.S.C. § 636(b)(1)(A). Here, however, Defendant's Motion essentially seeks reconsideration of the Court's decision not to adopt the Magistrate Judge's recommendation that Plaintiff's claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g, be dismissed. Accordingly, the Magistrate Judge directed the Clerk to submit this matter to the undersigned for immediate review. The Court agrees that Defendant's Motion is properly construed as a Motion for Reconsideration. The Court's reference to the Magistrate Judge is therefore **WITHDRAWN** for consideration of Defendant's Motion.

## I. Discussion

In 2010, Plaintiff applied to rent an apartment from Silverleaf Apartments ("Silverleaf").[1] Silverleaf then submitted to Defendant SRI a request to conduct a criminal background check on Plaintiff. SRI responded with a report erroneously attributing to Plaintiff a series of felony convictions, including a sex offender conviction, and Silverleaf, in turn, denied Plaintiff's rental application. Among other actions, Plaintiff then requested his "Report" from SRI and in response, SRI sent only the report it provided to Silverleaf but not Plaintiff's entire consumer file. On this basis, Plaintiff lodged a claim that SRI violated 15 U.S.C. § 1681g (Plaintiff's "Report Claim") and also sought to certify a class of consumers similarly harmed ("Motion for Class Certification").

On Summary Judgment, the Court held that pursuant to § 1681g, a consumer reporting agency like SRI must provide the entire consumer file when the consumer requests his "report" without limiting his request to one particular report contained in his file. (Sept. 11, 2013 Ord., 294 F.R.D. at 684–86.) *See* 15 U.S.C. § 1681g(a) ("Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request...."). However, because Plaintiff identified no evidence of actual damages arising from SRI's failure to provide the entire consumer file, the Court explained that Plaintiff's claim could only survive if he had some evidence that SRI willfully violated the statute. (*Id.* at 686–87 (citing, *inter alia, Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151,

---

1160–61 (11th Cir.1991); 15 U.S.C. § 1681n).)

■ A credit reporting agency ("CRA") willfully fails to comply with a provision of FCRA when it knows its conduct violates the statute or when it acts with reckless disregard to its statutory duty. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 56–60, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). SRI initially argued that its reading of § 1681g(a)—that it need not provide the consumer's entire file when the consumer simply requests his report—was reasonable and thus it could not be found to have acted willfully. (Def. Summ. J. Br. at 22–23, Doc. 122.) The Court rejected SRI's argument, pointing to evidence in the record upon which a reasonable jury could conclude that SRI understood its obligations under the statute to provide the entire consumer file upon Plaintiff's request and nonetheless provided only a portion of his file. (Sept. 11, 2013 Ord., 294 F.R.D. at 686–87.) In particular, the record contained a training or policy document evidencing SRI's written policy governing consumer requests for "reports." (*See* DSMF Ex. D ("Huhta Dep.") at 88–89, Doc. 122–17; *see also* Soumilas Decl. Ex. 9 at 2, Doc. 96–9 *SEALED*.) This document supports a finding that SRI knew the extent of its legal obligations to respond to a consumer request for a "report." The Court relied solely on this evidence to find that a reasonable jury could conclude SRI willfully violated § 1681g.

The Court also rejected SRI's argument that the policy in the written training materials was not actually SRI's policy and thus not evidence of SRI's knowledge of the law. SRI had argued that according to Carter Huhta, SRI's Chief Operating Officer and Chief Financial Officer, the written policy regarding requests for copies of a consumer "report" only applied in cases where the consumer requests a copy of his or her "file." (Sept. 11, 2013 Ord., 294 F.R.D. at 687.) But the Court explained that "a reasonable jury could [still] find that by disregarding its *written* policy—a policy that is consistent with SRI's requirements under § 1681g that a general request for information contained in one's file is sufficient to trigger SRI's obligations under this section—SRI knowingly violated § 1681g." (*Id.*) Accordingly, the Court declined to adopt the Magistrate Judge's recommendation and denied SRI's Motion for Summary Judgment on Plaintiff's Report Claim.

■ Defendant now injects yet another argument. According to Defendant, the "written policy" upon which the Court relied was not in force at the time of the Defendant's request for his report in 2010. Defendant again directs the Court to the 2012 deposition testimony of Huhta. According to Huhta, the "written policy" was part of a 2011 training on FCRA obligations conducted by a law firm. (Huhta Dep. at 17–18.) Huhta also testified that he was unaware of any trainings occurring prior to 2011, but he was not employed at SRI then. (*Id.* at 20.) SRI argues that this testimony supports the unequivocal conclusion that the written policy memorialized in the 2011 training document was not in force at the time of the 2010 FCRA violation that serves as the basis of Plaintiff's claim. The Court disagrees. Although a reasonable jury could conclude, based on Huhta's testimony, that the 2011 training was the first time SRI became fully aware of its legal obligations under § 1681g(a), Huhta's testimony says nothing about what the policy was prior to 2011.

■ Nonetheless, the Court agrees with SRI's implicit argument that Plaintiff has directed the Court to no evidence of SRI's knowledge of its legal obligations

under § 1681g(a) at the time of the 2010 conduct that serves as the basis of Plaintiff's claim beyond the 2011 policy or training document and its conformity with SRI's ongoing practices. Plaintiff cannot proceed on his § 1681g(a) Report claim on a theory that SRI knowingly violated the law unless the 2011 training/policy document, (Soumilas Decl. Ex. 9 at 2, Doc. 96–9 *SEALED*), is linked to other evidence that Defendant had knowledge of its legal obligations prior to 2011.[2]

SRI did not properly address or brief the issue it now raises in its Motion for Leave to File Supplemental Response in Opposition to Plaintiff's Renewed Motion for Class Certification. Instead, SRI attempted to dodge the implications of the SRI training/policy document in the summary judgment briefing by relying on Huhta's testimony that, although the document refers to SRI's policy when responding to a consumer request for a "report", the document actually represented "SRI's policy for responding to a request by a consumer for a copy of their 'file.'" (Def. Reply Pl. Resp. Statement Material Facts ¶ 94, Doc. 111–1.) SRI never brought to the Court's attention that the training/policy document was issued in 2011 and might be the sole or first iteration of this policy guidance.[3] After the Court issued its September 11, 2013, Order on SRI's Summary Judgment—an Order that relied heavily on the policy/training document—Defendant still sat silently by and did not file a motion for reconsideration, but instead waited for the Plaintiff to prepare his revised motion for class certification. And even then, Defendant did not include this line of attack in its response to that motion, but instead "supplemented" its response two days later.

If Defendant had properly and timely alerted the Court to its rendition of the facts in its summary judgment reply brief—that the policy/training document was only first issued in 2011—Plaintiff would have had a sufficient opportunity to seek leave to respond to SRI's position. SRI's failure to articulate this argument regarding the 2011 training document until now, when it had at its disposal all the evidence it needed to assert this argument, justifies denial of his motion for reconsideration. *See Brogdon v. Nat'l Healthcare Corp.*, 103 F.Supp.2d 1322, 1338 (N.D.Ga. 2000) (explaining that to prevail on a motion for reconsideration, parties normally cannot simply "present new arguments or evidence that should have been raised earlier" (internal citations omitted)). SRI provides no valid explanation for why it failed until now to assert this argument, which relies on deposition testimony at SRI's disposal when it briefed the issue of

---

**2.** Plaintiff's remaining argument to support his willful FCRA violation claim against SRI is that SRI acted with reckless disregard for the law. (*See* Pl. Resp. at 6, Doc. 135; *see also* Pl. Resp. Def. Mot. Summ. J. at 34–35, Doc. 107.) The Court agrees with the Magistrate Judge, however, that no reasonable jury could find that SRI committed a reckless violation of § 1681g(a). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69, 127

S.Ct. 2201. While the Court finds that SRI misinterpreted § 1681g(a), the Court cannot say that this interpretation was unreasonable. As the Magistrate Judge explained, "it is not apparent from the statutory text that a request for a 'report' is *necessarily* the same as a § 1681g request for a file." (R & R at 28, Doc. 123 (emphasis added).)

**3.** The court is not obligated to "scour the record" to determine whether triable issues exist. *Tomasini v. Mt. Sinai Med. Ctr. of Fla.*, 315 F.Supp.2d 1252, 1260 n. 11 (S.D.Fla. 2004).

willfulness on summary judgment and again in opposition to Plaintiff's objections to the Magistrate Judge's Report and Recommendation. SRI's failure to do so has wasted both the Plaintiff's and the Court's resources.

Practically, however, the Court finds it difficult to allow a claim to go to trial if the plaintiff lacks any evidence to support a necessary element of his claim, as Defendant maintains. Mr. Huhta's deposition testimony does not appear to be dispositive. As noted earlier, he testified that he had no knowledge of Defendant's policies or training guidelines with respect to the FCRA prior to 2011, rather than affirmatively stating that he knew no such policies or training existed. Given Defendant's tardy end-run motion for reconsideration and the resulting peculiar posture of the case, the Court finds that the ends of justice will best be served by the Court's taking action to ensure that the parties now properly present accurate information to the Court regarding SRI's knowledge of its § 1681g(a) obligations prior to 2011 and any policies and training in connection with disclosure of files that may reflect this knowledge.

Accordingly, the Court: (1) **STAYS** consideration of the class certification motion; (2) **RE-OPENS** discovery for forty (40) days to allow further discovery regarding whether any training guidance was provided to SRI staff similar to the 2011 document, (Soumilas Decl. Ex. 9 at 2, Doc. 96–9 \*SEALED\*), at an earlier date or whether comparable policies or documents were issued prior to 2011.[4] If this information has already been developed in the discovery process, the parties are **DIRECTED** to notify the Court within seven (7) days of

this Order of the specific nature of such evidence, and the Court will then consider whether further discovery is warranted.[5] Otherwise, the parties are **DIRECTED** to file a supplement to the record discussing any evidence bearing on this issue by April 16, 2014.[6]

For the foregoing reasons, the Court construes SRI's Motion for Leave to File Supplemental Response in Opposition to Plaintiff's Renewed Motion for Class Certification [Doc. 133] as a Motion for Reconsideration and **DEFERS** ruling on this Motion as well as Plaintiff's pending Motion for Class Certification until further order of the Court.

The Clerk is **DIRECTED** to resubmit this matter to the undersigned upon the filing of the notices and briefs referenced above.

---

4. The parties **SHALL** work together to complete discovery on an expedited basis.

5. Copies of any evidence or testimony referenced should be filed as well.

6. Again, copies of any evidence or testimony or testimony referenced should be filed.