**Michael TAYLOR, on behalf of himself and others similarly situated, Plaintiff,**

v.

**SCREENING REPORTS, INC., Defendant.**

**Civil Action No. 1:11–CV–03426–AT–GGB.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 1, 2013.

David A. Searles, Geoffrey H. Baskerville, John Soumilas, James A. Francis, Francis & Mailman, P.C., Philadelphia, PA, James Marvin Feagle, Skaar & Feagle, LLP, Decatur, GA, Justin Tharpe Holcombe, Kris Kelly Skaar, Skaar & Feagle, LLP, Marietta, GA, for Plaintiff.

Joseph S. Messer, Nicole M. Strickler, Messer & Stilp, Ltd., Chicago, IL, John H. Bedard, Jr., Michael K. Chapman, Bedard Law Group, P.C., Duluth, GA, for Defendants.

### *ORDER*

GERRILYN G. BRILL, United States Magistrate Judge.

This case is before the Court on Plaintiff Michael Taylor's Second Motion to Compel. (Doc. 77). Defendant Screening Reports, Inc. ("SRI"), opposes the motion. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART.** I am granting the motion with respect to Taylor's discovery requests for information about consumers who have requested copies of their reports, but am denying the motion with respect to Taylor's requests for information about consumer disputes.

### I. Background

Taylor's complaint includes the following factual allegations. In August 2010, Taylor submitted a rental application to Silverleaf Apartments. (Doc. 1, Complaint ¶ 24). Silverleaf ordered a background consumer report on Taylor from SRI. (*Id.* ¶ 25). Unbeknownst to Taylor, another individual named "Michael Taylor" was convicted of several felonies in the 1980s and 1990s. (*Id.* ¶ 22). SRI discovered those convictions and erroneously included them in Taylor's background report. (*Id.* ¶¶ 26–27). Taylor's rental application was denied based on this false "criminal records match." (*Id.* ¶ 30).

Taylor contends that SRI violated the Fair Credit Reporting Act ("FCRA") in three different ways. First, he asserts that SRI failed to follow reasonable procedures to ensure the accuracy of its reports, as required by 15 U.S.C. § 1681e(b). (*Id.* ¶ 47). Second, he states that SRI failed to provide a complete copy of his credit file upon request, as required by 15 U.S.C. § 1681g(a)(1). (*Id.* ¶ 46(a)). Finally, Taylor alleges that SRI failed to make certain disclosures required by 15 U.S.C. § 1681g(c)(2). (*Id.* ¶ 46(b)-(f)).

### II. Discussion

#### A. Report Requests

Taylor's motion to compel is divided into two parts. First, Taylor's motion is seeking information about consumers who have requested copies of their "reports" from SRI.[1] After Taylor's rental application was denied, he requested a copy of his report from SRI. The company responded by sending the criminal history background report that it provided to Silverleaf Apartments. It is Taylor's contention that this response was insufficient and that 15 U.S.C. § 1681g(a)(1) required SRI to provide him with a complete copy of his credit file. SRI's position is that a "consumer report" is distinct from a consumer's "file" under the FCRA and that it is not obligated to provide a consumer with a complete file when the consumer has only requested a report.

The parties' discovery dispute reflects their positions on the merits of this issue. Taylor's discovery requests asked for information and documents about any consumers who requested copies of their "file" from SRI. In response, SRI provided information only about those consumers who used the

---

1. This category of discovery requests includes Interrogatories 3, 4, and 7, and Document Requests 47 and 49.

word "file" in their requests. Taylor contends that SRI should also have provided information about consumers who requested copies of their "report," while SRI argues that a "report" request is distinct from a "file" request.

Both sides point to language in *Nunnally v. Equifax Information Servs., LLC,* 451 F.3d 768 (11th Cir.2006), that supports their positions. On the one hand, the Eleventh Circuit held that a consumer reporting agency is not required to produce a consumer's complete file when it provides a "consumer report" under 15 U.S.C. § 1681i(a)(6)(B) following a reinvestigation.[2] *Id.* at 772–74. In so holding, the Eleventh Circuit noted that Congress had defined the terms "consumer report" and "file" differently, which suggested that Congress intended for those terms to refer to different things. *Id.* at 772–73. On the other hand, the Eleventh Circuit observed that the term "consumer report," as used in another section of the FCRA, 15 U.S.C. § 1681m, appears to refer to the consumer's entire credit file. *Id.* at 774. Section 1681m is the provision of the FCRA that requires a consumer reporting agency to provide a consumer with a copy of his or her report following an adverse action.

██ In light of *Nunnally*'s discussion of § 1681m, I conclude that Taylor's position that a report request is the same as a file request is at least plausible. If the Court were ultimately to accept his argument, then information about other consumers who have requested their reports would be relevant to the issue of class certification. Accordingly, I will grant Taylor's Motion to Compel with respect to Interrogatories 3, 4, and 7. Document Request 49 is granted in part. With respect to that request, Defendant should provide any form letters or other documents that it has used to respond to report requests.[3] In addition, SRI should supplement its answer to Document Request 45 by pro-

ducing any nonprivileged documents that it uses to answer Interrogatories 3, 4, and 7. I deny the motion to compel with respect to Document Request 47 because SRI has produced a privilege log to support its assertion of attorney-client privilege. (*See* Doc. 78, Exh. H).

**B. Dispute Information**

Taylor is also requesting information about the number of disputes that consumers have lodged with SRI.[4] He argues that this information is relevant to his claim under 15 U.S.C. § 1681e(b) that SRI failed to use reasonable procedures to ensure the accuracy of its reports. Taylor also asserts that this information is relevant to the issue of numerosity on his § 1681g(a) class claim. Although SRI does not keep track of oral file requests, SRI's president, Timothy Fortner, testified that such requests are usually "involved with" or "roll together" with a dispute. (*See* Doc. 77 at 7). Therefore, Taylor argues that the total number of disputes can be used to estimate the number of consumers who have orally requested their files from SRI.

Under the Federal Rules, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

██ In this case, I conclude that information concerning disputes is not relevant to Taylor's § 1681e(b) claim. That section of the FCRA requires a consumer reporting agency to use reasonable procedures to ensure the accuracy of its reports. Taylor contends that the number of disputes places the reasonableness of SRI's efforts in context. His theory is that, if a consumer reporting agency receives a large number of

---

2. Section 1681i(a)(6)(B)(ii) requires a consumer reporting agency to provide a consumer with a copy of his or her "consumer report" after conducting a reinvestigation of information disputed by the consumer.

3. Document Request 49 is denied to the extent that it seeks documents that SRI sent in response

to a dispute. For the reasons stated below, I conclude that dispute information is not relevant to Taylor's claims.

4. This category includes Interrogatories 5 and 17 and Document Requests 35, 46, and 48.

disputes, then it is "on notice" that its procedures are ineffective and should institute new investigative measures.

As SRI points out, however, a consumer may file a dispute even if his file is entirely accurate. Moreover, it can be entirely reasonable for a CRA to initially rely on public records such as court documents, even if those records are later disputed by the consumer. *See, e.g., Henson v. CSC Credit Servs.,* 29 F.3d 280, 284–86 (7th Cir.1994) (holding that defendant did not violate § 1681e(b) by relying on public court records, even though those records turned out to be inaccurate). Thus, the existence of many disputes would not support the conclusion that the company's investigation procedures were unreliable.

■ In addition, information about disputes is not relevant to the issue of numerosity. The numerosity requirement of Fed. R.Civ.P. 23(a)(1) is satisfied when "the class is so numerous that joinder of all members is impracticable." A finding of numerosity can be based on reasonable inferences, but those inferences must have evidentiary support. A court may not rely upon mere speculation, no matter how reasonable the speculation appears. *See Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1267–68 (11th Cir.2009) (although defendant had many retail outlets, district court erred in certifying a class of Florida sales associates because there was no specific evidence about the total number of sales associates in Florida).

In this case, SRI's President, Timothy Fortner, testified that, when oral file requests are made, they are usually made in connection with a dispute. It is not clear, however, what percentage of disputes also involve oral file requests. Therefore, a court would not be able to estimate the number of oral requests simply from knowing the total

number of disputes. I conclude that Taylor's requests for dispute-related information are not relevant to his claims. Accordingly, I deny the motion to compel with respect to Interrogatories 5 and 17 and Document Requests 35, 46, and 48.

## Conclusion

For the reasons stated above, Taylor's Second Motion to Compel is **GRANTED IN PART AND DENIED IN PART.** The motion is granted with respect to Interrogatories 3, 4, and 7. Document Request 49 is granted in part, and SRI should produce any form letters or documents used to respond to report requests. In addition, SRI should supplement its response to Document Request 45 by producing any nonprivileged documents that it uses to answer Interrogatories 3, 4, and 7. The motion to compel is denied with respect to Interrogatories 5 and 17 and Document Requests 35, 46, 47, and 48.

The parties are directed to confer between themselves and come up with a reasonable schedule for SRI to respond to the discovery requests that I have granted. In the meantime, briefing on Taylor's motion for class certification and SRI's motion for summary judgment shall continue as outlined in my January 7, 2013, order (Doc. 92). Once the new discovery has been produced, Taylor may file a supplemental brief within 14 days addressing how the new evidence affects his motion for class certification. SRI shall then have another 14 days to file a response to Taylor's supplemental brief.