Michael **TAYLOR**, Plaintiff,

v.

**SCREENING REPORTS, INC.**, Defendant.

Civil Action No. 1:11–CV–3426–AT–GGB.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 11, 2013.

Geoffrey H. Baskerville, James A. Francis, David A. Searles, John Soumilas, Francis & Mailman, P.C., Philadelphia, PA, James Marvin Feagle, Skaar & Feagle, LLP, Decatur, GA, Justin Tharpe Holcombe, Kris Kelly Skaar, Skaar & Feagle, LLP, Marietta, GA, for Plaintiff.

John H. Bedard, Jr., Michael K. Chapman, Bedard Law Group, P.C., Duluth, GA, Joseph S. Messer, Nicole M. Strickler, Messer & Stilp, Ltd., Chicago, IL, Andrew M. Schwartz, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Defendant.

### *ORDER*

AMY TOTENBERG, District Judge.

This Fair Credit Reporting Act ("FCRA") matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R & R") [Doc. 123]. The Magistrate Judge recommends that the court deny Defendant Screening Reports Inc.'s ("SRI") Motion for Summary Judgment [Doc. 85] in substantial part, but grant it as to one of Plaintiff's claims under 15 U.S.C. § 1681g. In that claim, Plaintiff argues that when he requested his "report" from SRI, § 1681g required that SRI (as a credit reporting agency) send him his entire consumer file. SRI failed to do so. On that basis, Plaintiff seeks actual and statutory damages. Plaintiff also moves to certify a class based on this claim and seeks statutory damages on behalf of all putative class members. Plaintiff objects to the Magistrate Judge's recommendation that this § 1681g claim (the "Report Claim") be dismissed. He also argues that the Court should grant his Motion for Class Certification [Doc. 83] premised on this claim.

For the reasons explained below, the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation regarding Plaintiff's § 1681g Report Claim and his Motion for Class Certification. In all other respects, the Court **ADOPTS** the R & R as the opinion of the Court. The Court **DENIES** Defendant's Motion for Summary Judgment and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Class Certification.

## I. LEGAL STANDARD

█ Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no party objects and may "accept, reject, or modify" the Magistrate's findings and recommendations. 28 U.S.C. § 636(b)(1). Where the parties do not file any objections, § 636 does not require the district court to review any issue in dispute de novo; however, the statute "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas v. Arn,* 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). On the other hand, if a party files objections, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b).

Plaintiff filed timely objections to the Magistrate Judge's R & R to the extent it recommends the dismissal of his § 1681g claim premised on SRI's failure to provide his complete consumer file when he requested his "report." He also objects to her recommendation that his Motion for Class Certification based on this claim be denied as moot. Accordingly, the Court reviews the issues raised in this portion of her R & R de novo.[1]

## II. BACKGROUND

In 2010, Plaintiff Michael Taylor applied to rent an apartment from Silverleaf Apartments. (Pl. Statement Additional Material Facts ("PSMF") ¶ 61.)[2] Silverleaf in turn requested that SRI conduct a criminal background check on Taylor. (Def. Statement Material Fact ("DSMF") Ex. A ("Fortner Dep.") at 34–35; *id.* Ex. M.) SRI then erroneously reported to Silverleaf that Taylor had a series of felony convictions including a sex offender conviction. (*Id.* ¶¶ 30, 38, 42–44; *id.* Ex. S; *id.* Ex. G ("Posada Decl.") ¶¶ 10–11.) As it turns out, however, those convictions belonged to two other individuals named "Michael Taylor." (*See* DSMF ¶¶ 30, 38, 42–44; *id.* Ex. S; Posada Decl. ¶¶ 10–11.) As a result of the SRI criminal background

report on Taylor, Silverleaf denied Taylor's application. (SMF ¶¶ 41, 44–45.) In its denial, Silverleaf stated, "You have a right to obtain a free copy of your consumer report within 60 days from your receipt of this notice." (*Id.* ¶ 42.)

On August 20, 2010, Taylor sent SRI a request for his "report." (*Id.* ¶ 47.) In response, SRI sent only a copy of the background report that it had sold to Silverleaf. (DSMF Ex. X at 2, Doc. 100.) SRI did not provide Taylor with his entire consumer file. (*See* Soumilas Decl. Ex. 2, Doc. 96–2.)

On this basis, Taylor asserts claims under FCRA. Taylor alleges that SRI violated 15 U.S.C. § 1681e(b) by "failing to follow reasonable procedures to assure the maximum possible accuracy of the reports it sell[s] to third parties" ("Reasonable Procedures Claim"). (Compl. ¶ 47(f).) Taylor then argues that SRI violated 15 U.S.C. § 1681g(a), which requires consumer reporting agencies ("CRAs") to provide a consumer, upon request, with all the information in his or her file. 15 U.S.C. § 1681g(a). Taylor alleges that he requested his "report" from SRI and they failed to send his complete file, instead sending only his criminal history report ("Report Claim"). He also alleges that he separately requested a copy of his "complete file" and received no response whatsoever ("File Claim"). Finally, Taylor moves to certify a class with respect to his § 1681g Report Claim. SRI moves for summary judgment on all claims and opposes Taylor's motion to certify a class.

The Magistrate Judge recommends that SRI's motion for summary judgment be granted in part and denied in part. (Report and Recommendation ("R & R"), Doc. 123.) She concludes that Taylor's Reasonable Procedures Claim should survive summary judgment "because a reasonable jury could find that SRI failed to use reasonable procedures to ensure maximum accuracy in its reports." (*Id.* at 2.) Likewise, she recommends that Taylor's "File Claim" proceed "because a reasonable jury could conclude that SRI will-

---

**1.** The Court reviewed the rest of the Magistrate Judge's R & R for clear error and found none.

**2.** The Court cites to facts asserted in the parties' statements of material fact to the extent they are undisputed.

fully violated § 1681g by ignoring Taylor's file request. (*Id.*) No party objected to these recommendations and the Court found no clear error. Accordingly, the Court adopts the Magistrate Judge's recommendation regarding Plaintiff's Reasonable Procedures Claim and File Claim.

The Magistrate Judge next finds that SRI's motion for summary judgment as to Taylor's "Report Claim" should be granted and Taylor's § 1681g claim under this theory be dismissed for three reasons. First, she finds, contrary to dicta in an Eleventh Circuit case, that a CRA need not disclose a consumer's complete file when the consumer simply requests his "report." (*Id.* at 20–25.) Next, the Magistrate Judge recognizes that to establish a claim for negligent noncompliance of a FCRA provision, Plaintiff must prove some amount of actual damages caused by the violation. (*See id.* at 25–27 (citing 15 U.S.C. § 1681*o*(a)(1)).) The Magistrate Judge then finds that "no reasonable jury could find that SRI's decision to send Taylor his criminal history report rather than his complete file caused Taylor to suffer actual damages." (*Id.* at 2; *accord id.* at 25–27.) Finally, the Magistrate Judge considers and rejects Plaintiff's assertion that SRI acted willfully so as to trigger a claim under 15 U.S.C. § 1681n, which does not require evidence of actual damages. (*Id.* at 27–30.) Accordingly, she recommends that Plaintiff's § 1681g Report Claim be dismissed. And because Taylor's Motion for Class Certification is premised on his § 1681g Report Claim, she recommends that the Court deny that Motion as effectively moot. (*Id.* at 33.)

Taylor filed objections on July 30, 2013. (Doc. 125.) According to Taylor, persuasive authority in this circuit suggests that a request for a consumer's "report" triggers a CRA's obligation to provide the entire consumer file. He also points to evidence in the record that he argues supports a finding of actual damages and a willful violation of § 1681g. Finally, Plaintiff argues that, if the Court allows his § 1681g Report Claim to proceed, his Motion for Class Certification should be granted.

## III. ANALYSIS

### A. Defendant's Motion for Summary Judgment

#### 1. SRI's Obligations Under 15 U.S.C. § 1681g

■ SRI argues that its obligation to provide a consumer with his complete file is not triggered when the consumer merely requests his "report." Evidently, according to SRI, a consumer must use the magic word "file" in order to properly solicit its entire file from a credit reporting agency. The Court finds otherwise.

Pursuant to 15 U.S.C. § 1681g "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request...." This section is the "pivotal section regarding the disclosure of the consumer's complete file." *Nunnally v. Equifax Info. Servs., LLC,* 451 F.3d 768 (11th Cir.2006). Section 1681g does not explain what type of request triggers the CRA's obligation. However, § 1681g(c) suggests that, for purposes of this section, requesting one's report without limitation is synonymous with requesting one's entire consumer file.

Section 1681g(c) requires that CRAs provide consumers with a "summary of rights" each time the CRA sends the consumer a written disclosure. 15 U.S.C. § 1681g(c)(2)(A). The summary of rights, in turn, must "include a description of ... the right of a consumer to obtain a copy of a consumer *report* under subsection (a) of this section from each consumer reporting agency." *Id.* § 1681g(c)(1)(B)(i) (emphasis added). Thus, § 1681g uses the term "consumer report" to refer to all of the information a consumer is entitled to, upon request, pursuant to § 1681g(a). Accordingly, a consumer who requests his "report", without limitation, is entitled to his entire consumer file.

The Eleventh Circuit, in dicta, noted this statutory structure in *Nunnally.* The court considered a CRA's obligations under a different section of FCRA. *Nunnally,* 451 F.3d at 771–72. Under § 1681i(a)(1)(A), a CRA must conduct a reasonable reinvestigation

into the contents of a consumer's file if the consumer disputes any item of information contained in that file. 15 U.S.C. § 1681i(a)(1)(A). After reinvestigation, the CRA must "provide written notice to a consumer of the results of the reinvestigation." *Id.* § 1681i(a)(6)(A). In addition, the CRA must provide "a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation." *Id.* § 1681i(a)(6)(B).

The court considered "whether the consumer report that a credit reporting agency provides to a consumer following a reinvestigation is the consumer's complete file or a description of revisions to that file." *Nunnally,* 451 F.3d at 772. First, the court recognized that the phrase "based upon" "describes a relationship in which one thing must be derivative of another" *Id.* at 773 (internal quotations omitted). Thus, "a report is not 'based upon' the consumer's file if it is the *entire* file." *Id.* (internal quotations omitted). The Court then held that the "report" that a CRA must provide pursuant to this section is one that addresses the revisions to the consumer's file. *Id.* (citing 15 U.S.C. § 1681i(a)(6)(B)(ii)).

To bolster its decision, the court compared this reinvestigation section of § 1681 with § 1681g, the section regarding disclosure of the consumer's complete file that is the center of the instant dispute. *Id.* at 774–775. The court explained that in § 1681g, Congress "refers back to a 'consumer report under subsection (a) of this section' to refer to the consumer's complete file." *Id.* (quoting 15 U.S.C. § 1681g(c)(1)(B)(i)). In contrast, Congress did not refer to § 1681g(a) when referring to requirements for a report following a reinvestigation. The court found this difference in the two sections suggestive of Congress's lack of "inten[t] to require disclosure of the consumer's complete file as the consumer report following reinvestigation." *Id.* Thus, in dicta, the Eleventh Circuit suggested the converse as well: that Congress intended a request for a "consumer report" to trigger a CRA's obligations under § 1681g(a).

Despite this reasoning, Defendant argues that because FCRA provides different definitions of the terms "consumer report" and "file," [3] the use of one or the other by a consumer in his request for information triggers different obligations. (Def. Summ. J. Br. at 6, Doc. 122.) *See also Campos v. ChoicePoint, Inc.,* 237 F.R.D. 478, 483 n. 11 (N.D.Ga.2006) ("From the definitions of 'file' and 'consumer report' in the statute, it is clear these terms pertain to different sets of information and different records."). While it is true that in certain sections of FCRA, a CRA gleans its obligations from the use of one or the other of these two terms, *see Nunnally,* 451 F.3d at 772–76, here, a CRA's § 1681g obligation to provide a consumer's complete file is triggered merely by a "request." The statute does not limit the term "request" in any way and thus the Court will not impose a limitation.

■ The Fair Credit Reporting Act is a remedial statute with "consumer oriented objectives support[ing] a liberal construction" of its terms in favor of the consumer. *Cortez v. Trans Union, LLC,* 617 F.3d 688, 706 (3d Cir.2010) (quoting *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir.1995)); *accord Jones v. Federated Fin. Reserve Corp.,* 144 F.3d 961, 964 (6th Cir. 1998) ("[T]he FCRA is to be liberally construed in favor of the consumer."); *see also Equifax Servs., Inc. v. Lamb,* 621 S.W.2d 28, 31 (Ky.Ct.App.1981) ("Since [15 U.S.C. § 1681g] is a statute designed to protect the consumer, we believe that any request for information by a consumer concerning his file should require the agency to report each of the ... items listed [in § 1681g(a) ]."). Accordingly, the Court will not inject into this section a requirement that consumers use specific terms when requesting their file in order to trigger their rights under § 1681g(a). Doing so would be inconsistent with the consumer oriented objectives of FCRA. Rather, a consumer's request for his report, without limitation, is sufficient to invoke the consumer's rights under § 1681g(a).[4]

---

3. *See* 15 U.S.C. § 1681a(d)(1), (g) (defining the terms "consumer report" and "file").

4. The Magistrate Judge agrees that the "statute does not state that the 'request' must come in a

■ The Court recognizes, however, that consumers may in fact want only a portion of their file. In particular, consumers who have been adversely affected by a CRA's report may specifically request only the report that resulted in the adverse effect. *See Campos,* 237 F.R.D. at 486 ("[I]t is likely a request from an adversely affected consumer would request specific information about the information leading to the adverse event, as opposed to a more general request likely made by a curious consumer."). "[I]f a consumer explicitly limits his request to a particular subset of his file, and indicates explicitly that he does not want other portions to be disclosed, it is nonsensical, and contrary to the purposes of the FCRA, to require a consumer reporting agency to disclose the entire file." *Id.* at 484 n. 15. And in *Nunnally,* the Eleventh Circuit recognized that more information is not always better. *Nunnally,* 451 F.3d at 776. Indeed, a consumer may be confused by an information dump when the consumer merely wants a specific report contained in his file.

Here, however, Plaintiff requested his report without limitation. The Magistrate Judge states that the "most natural reading of that request was that Taylor wanted a copy of the report that was provided to Silverleaf." (R & R at 25, Doc. 123.) She notes that Taylor had first received an adverse action notice from Silverleaf. (*Id.*) This adverse action notice states that his rental application was denied based upon a "report" and explained that Taylor had a right to obtain a free copy of his "report." (DSMF Ex. V.) But Plaintiff did not request the specific report Defendant provided to Silverleaf Apartments. (*Compare with* Def. Resp. Pl. Supplemental Memo. Law Supp. Pl. Mot. Class Certification at 4–5, Ex. A (collecting consumer requests for the specific report that caused an adverse effect).) Instead, he generally requested his "report" without limitation. Given § 1681g's use of the term "report" when referring to the consumer's entire file, *see* 1681g(c)(1)(B)(i), and

the overall consumer oriented focus of FCRA, this general request entitled Plaintiff to his entire consumer file pursuant to § 1681g(a).

### 2. Actual Damages

■ Defendant moves to dismiss Plaintiff's claim that SRI negligently violated § 1681g. To prove a case of negligent noncompliance, Plaintiff must produce some evidence of actual damages caused by the violation. *See Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1160–61 (11th Cir.1991) (holding that plaintiff bears the burden of proving that the defendant's noncompliance with FCRA caused the plaintiff harm); *Jackson v. Equifax Info. Servs., LLC,* 167 Fed.Appx. 144, 146 (11th Cir.2006) (same); *Enwonwu v. Trans Union, LLC,* 364 F.Supp.2d 1361, 1365–66 (N.D.Ga.2005) (Evans, J.) (granting CRA's motion for summary judgment because plaintiff failed to produce any evidence that he was damaged as a result of an inaccurate credit report).

■ Plaintiff directs the Court to the denial of his apartment application and the damage to his good reputation as the actual damages purportedly caused by SRI's failure to provide him with his complete file. (Pl. Memo. Law Opp. Def. Mot. Summ. J. ("Pl. Resp. Br.") at 35–36, Doc. 107.) However, these damages occurred *before* Plaintiff requested his consumer report, and before SRI failed to provide him with his entire file. This evidence is sufficient to create a material issue of fact as to whether SRI's submission of an erroneous report to Silverleaf caused Plaintiff actual damages, thus supporting his Reasonable Procedures claim. (*See* R & R at 19.) However, as the Magistrate Judge found, Plaintiff produced no evidence tying these damages to *SRI's failure to provide him with his complete file* to support his § 1681g Report Claim. Accordingly, Plaintiff's negligent non-compliance claim under § 1681g must be dismissed.

particular form or use particular terminology." (R & R at 21, Doc. 123.) She also recognizes that that "[i]n certain contexts, it may be clear that the consumer is using the term 'report' to refer to all of the information in his 'file.'" (*Id.*)

However, where it is not clear how the consumer uses the term "report" in his request, CRA is not entitled to assume the consumer wants less than his entire file.

### 3. Willful Violation

■ Plaintiff also asserts that SRI willfully violated § 1681g. To assert a claim for willful non-compliance, Plaintiff does not need to prove actual damages. *Ashby v. Farmers Ins. Co. of Oregon,* 592 F.Supp.2d 1307, 1317 (D.Or.2008). Instead, Plaintiff is entitled to statutory damages so long as he proves SRI "willfully fail[ed] to comply with [§ 1681g]." 15 U.S.C. § 1681n. A CRA willfully fails to comply with a provision of FCRA when it knows its conduct violates the statute or when it acts with reckless disregard to its statutory duty. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 56–60, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).

SRI argues that its reading of § 1681g(a)—that it need not provide the consumer's entire file when the consumer simply requests his report—is reasonable and thus it cannot be found to have acted willfully. (Def. Summ. J. Br. at 22–23, Doc. 122.) SRI relies on *Safeco.* In *Safeco,* the U.S. Supreme Court held that a CRA does not act recklessly when its reading of the statute is not "objectively unreasonable." *Safeco,* 551 U.S. at 70–71, 127 S.Ct. 2201 (2007). Here, however, the record contains evidence that SRI's reading of the statute *now* was not its reading of the statute when it received Plaintiff's report request. Rather, some evidence suggests SRI correctly read the statute and *knew* that a consumer's request for a "report" requires SRI to provide the consumer's entire file. And of course, a knowing violation of the statute is a willful one. *See Safeco,* 551 U.S. at 56–57, 127 S.Ct. 2201 (noting that knowing violations of FCRA are willful).

■ SRI has a written policy governing consumer requests for "reports." This written policy includes a section entitled, "Request for Copy of Consumer Reports." (DSMF Ex. D ("Huhta Dep.") at 88–89, Doc. 122–17; *see also* Soumilas Decl. Ex. 9 at 2, Doc. 96–9 *SEALED*). [redacted] (Soumilas Decl. Ex. 9 at 2, Doc. 96–9 *SEALED*; *see also* Huhta Dep. at 88.) Thus, SRI's written policy was to provide a consumer's entire file when the consumer requested his "consumer report." A reasonable jury could conclude, based on this written policy, that SRI as an institution understood its obligations under § 1681g to provide the consumer's complete file when the consumer requests his "report" without limitation. Thus, a reasonable jury could find that by sending Plaintiff's background check report, rather than his entire file, SRI knowingly violated § 1681g.

The Magistrate Judge disagrees. She relies on the deposition of Carter Huhta, SRI's Chief Operating Officer and Chief Financial Officer. (R & R at 27.) Huhta testified that the section of its policy entitled "Request for Copy of Consumer Reports" was actually referring to a "file request." (Huhta Dep. at 89.) Based on Huhta's testimony, the Magistrate Judge found that the policy regarding requests for copies of a consumer "report" "only applied in cases where the consumer requests a copy of his or her 'file.'" (R & R at 827.) A reasonable jury might credit Huhta's testimony and find that despite SRI's written policy requiring it to provide the consumer's entire file when the consumer simply requests his "report," the policy only applied when the consumer requests his "file."

However, a reasonable jury could equally conclude that the policy as written was in fact SRI's policy in force. And a reasonable jury could find that by disregarding its *written* policy—a policy that is consistent with SRI's requirements under § 1681g that a general request for information contained in one's file is sufficient to trigger SRI's obligations under this section—SRI knowingly violated § 1681g. As the record contains at least some evidence upon which a reasonable jury could find SRI willfully violated § 1681g, the Court declines to adopt the Magistrate Judge's recommendation regarding Plaintiff's willful violation claim.

For the foregoing reasons, the Court **DENIES** SRI's Motion for Summary Judgment on Plaintiff's § 1681g Report Claim.

### B. Plaintiff's Motion for Class Certification

Plaintiff moves for class certification based on his § 1681g Report Claim. He requests the Court certify a class defined as follows:

All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this action and continuing through the conclusion of this action, made any request with Defendant for a copy of their consumer file, excluding those 16 persons who Defendant has identified as having been sent a copy of their complete files.

(Pl. Mot. Class Certification at 1, Doc. 83.)

 "The initial burden of proof to establish the propriety of class certification rests with the advocate of the class." *Rutstein v. Avis Rent–A–Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir.2000). "A district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir.2009) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir.1996)). "Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Id.* (quoting *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n. 5 (11th Cir.2003)).

"A class action may be maintained only when it satisfies all the requirements of Fed. R. Civ.P. 23(a) and at least one of the alternative requirements of Rule 23(b)." *Rutstein*, 211 F.3d at 1233 (quoting *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir.1997)).

 Rule 23(a) provides four requirements to maintain a class action.

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). "These four requirements commonly are referred to as the prerequisites of numerosity, commonality, typicality, and adequacy of representation, and they are designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir.2001) (quotation and citation omitted).

Rule 23(b) provides three alternative methods to certify a class, and a putative class representative must satisfy at least one of them. Fed.R.Civ.P. 23(b). Here, Plaintiff proceeds under Rule 23(b)(3). Under this section, to certify the class, the Court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*[5]

 The Court begins and ends its analysis by assessing the commonality and typicality requirements of Rule 23(a) in light of Plaintiff's FCRA claim and the class he wishes to certify. To establish commonality, Plaintiff must show that "there are questions of law or fact common to the class." Fed. R.Civ.P. 23(a)(2). Although all questions of law and fact need not be in common, *see In re Theragenics Corp.` Sec. Litig.*, 205 F.R.D. 687, 695 (N.D.Ga.2002), Plaintiff must show a "sufficient nexus ... between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Piazza*, 273 F.3d at 1347. And importantly, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.' " *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (quoting *Gen. Tel. Co.*

---

**5.** The matters pertinent to these findings include:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.
Fed.R.Civ.P. 23(b)(3).

*of Sw. v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)).

 The typicality element overlaps somewhat with the commonality element. *Cooper v. Southern Co.,* 390 F.3d 695, 713–714 (11th Cir.2004), *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457, 126 S.Ct. 1195, 163 L.Ed.2d 1053 (2006). However, as the name suggests, the focus for typicality is on whether the Plaintiff is a typical representative of the class. *Id.* at 714 ("Traditionally, commonality refers to the group characteristics of the class as a whole [while] typicality refers to the individual characteristics of the named plaintiff in relation to the class." (quoting *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001))). Thus, to show typicality, Plaintiff must establish that he possesses "the same interest and [has] suffer[ed] the same injury as the class members." *Id.* In any case, to satisfy both typicality and commonality, all class members, including the representatives, must have suffered the same injury.

 Here, Plaintiff argues that when he requested his "report", SRI provided only the report it sent to Silverleaf Apartments, instead of his entire file as required by 15 U.S.C. § 1681g. Thus, Plaintiff's injury arises out of SRI's failure to provide what he requested and to what he was entitled under § 1681g. Plaintiff's putative class, however, is much broader, making no distinction between those consumers who clearly requested a specific subset of their file—and in fact may have wanted only such subset—and those like himself who purportedly wanted their entire file.[6] As the Court previously noted, some consumers, particularly those who have been adversely affected by a CRA's report, may specifically want only the report that resulted in the adverse effect. *See also Campos,* 237 F.R.D. at 484 n. 15, 486. As Defendant points out, "Plaintiff's proposed class ... would include consumers who truly wanted only their reports, requested them, and received exactly what they requested from SRI." (Def. Resp. Pl. Mot. Class Certification at 4, Doc. 99.) Plaintiff failed to show that those consumers have suffered any injury at all. Thus, Plaintiff, who purportedly suffered the injury of not receiving his entire file when he asked for it, is not typical of consumers who received precisely what they wanted. And a class including both injured and non-injured consumers cannot satisfy the commonality requirement of Rule 23(a).[7]

Finally, one might argue that consumers who specifically requested a subset of their file were unaware that their file contained more than that subset. To determine whether such consumers were injured, however, the Court would have to conduct a fact-specific inquiry into each consumer's situation. The need for this type of individualized proof suggests that the broad class Plaintiff seeks would fail to satisfy the predominance requirement under Rule 23(b)(3). *See Campos,* 237 F.R.D. at 489 (noting that common issues of law and fact do not predominate a class defined to include curious consumers, those who likely sought their general file, and adversely affected consumers who may have wanted something more specific).

The Court, therefore, **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Class Certification as it is currently defined. Plaintiff may seek class certification for a smaller subset of consumers who requested their reports. If Plaintiff intends to do so,

6. Plaintiff's putative class would also include consumers who explicitly requested their "files." However, Plaintiff has produced no evidence from which the Court could conclude that consumers who requested their files from SRI did not receive their entire file. In fact, Plaintiff notes that "SRI discloses files ... to those consumers who are fortunate enough to specifically use the magic word 'file' in their request." (Pl. Mot. Class Certification at 10, Doc. 95.) Thus, consumers who requested their "files" did not incur an injury and, for the same reasons discussed above, do not satisfy the commonality requirement under Rule 23(a).

7. The Court does not address at this time the other class certification requirements. The Court notes, however, that because Plaintiff has received discovery responses that presumably enable him to identify the precise consumers who could be members of this narrower class, Plaintiff is well-positioned to determine the number of such consumers to assess whether he meets the numerosity requirement. (*See* Ord. Pl. Mot. Compel, Doc. 102 (compelling discovery requests).)

he must file a sufficiently supported Renewed Motion for Class Certification within twenty-one (21) days of the entry date of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation [Doc. 123] but **DECLINES TO ADOPT** the Magistrate Judge's recommendation regarding Plaintiff's § 1681g "Report" claim. Thus, the Court **DENIES** SRI's Motion for Summary Judgment in its entirety [Doc. 85]. For the reasons explained above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Class Certification [Doc. 83]. Plaintiff may file a Renewed Motion for Class Certification, identifying a narrower class of consumers as indicated in the Court's analysis above, within twenty-one (21) days of the entry date of this Order. Plaintiff is directed to provide a proper basis and documentation to support the motion and in particular his assertion that the members of the redefined class are sufficiently similar, sharing common questions of law or fact.[8]

The parties' obligation to file a joint proposed consolidated pretrial order pursuant to Local Rule 16.4 is **STAYED** during the next twenty-one (21) days. If Plaintiff fails to file a Renewed Motion for Class Certification by the deadline set in this Order, the parties shall file the proposed consolidated pretrial order on or before *Tuesday October 15, 2013.* Otherwise, their obligation to file the proposed consolidated pretrial order shall remain stayed pending the Court's decision on Plaintiff's Renewed Motion for Class Certification.

---

8. As the Court previously noted, SRI has produced evidence of other consumers' requests for information from SRI. This data should provide Plaintiff with an ample basis to support his motion.